

| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | | |
| **CASE NUMBER** | 00 C 4090 | **DATE** | 7/3/2001 | |
| **CASE TITLE** | 42nd Parallel North vs. E. Street Denim Co. et al | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: 42nd Parallel North's amended complaint is dismissed. This case is hereby terminated, and this is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL -6 2001 | |
| | Notified counsel by telephone. | | date docketed | 28 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL -5 PM 5: 7 | date mailed notice | |
| TSA courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 42ND PARALLEL NORTH,<br><br>      Plaintiff,<br><br>v.<br><br>E. STREET DENIM COMPANY,<br>WESTERN GLOVE WORKS,<br>BUFFALO DE FRANCE CORP.,<br>GRASS ROOTS CLOTHING CO.,<br>INC. AND URBAN OUTFITTERS,<br>INC.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 00 C 4090<br>)<br>) Wayne R. Andersen<br>) District Judge<br>)<br>)<br>)<br>)<br>)<br>) |

**DOCKETED**

**JUL - 6 2001**

## MEMORANDUM, OPINION AND ORDER

This case is before the court on defendants' motions to dismiss plaintiff's amended complaint. For the following reasons, Count I of the plaintiff's amended complaint is dismissed against all defendants and the Court declines to exercise supplemental jurisdiction over the remaining state claims.

### BACKGROUND

Plaintiff, 42 Parallel North ("42nd Parallel"), is a clothing store located in Highland Park, Illinois. E Street Denim Company ("E Street"), the first defendant, is a competing clothing store also located in Highland Park. The remaining defendants, Western Glove Works ("Western Glove"), Buffalo De France Corporation ("Buffalo"), Grass Roots Clothing Company ("Grass Roots"), and Urban Outfitters are clothing manufacturers. Count I of plaintiff's complaint is brought against all the defendants based on alleged violations of the



Sherman Antitrust Act and the Clayton Act. Counts II and III are state based tortious interference claims against E Street only. Each defendant filed a separate motion to dismiss.

The plaintiff's well-pleaded allegations, which the Court treats as true and views in a light most favorable to the plaintiff for purposes of this motion, are as follows:

42nd Parallel opened in June 1996 and carried product lines from Buffalo, Western Glove and Grass Roots. Clothing from these three manufacturers was in demand by 42nd Parallel customers and sales of the defendant manufacturer's clothing represented a significant portion of 42nd Parallel's revenue.

42nd Parallel contends that Buffalo, Western Glove, and Grass Roots stopped doing business, and Urban Outfitters refused to begin doing business with 42nd Parallel because E Street threatened the distributors. Specifically, Buffalo refused to fill 42nd Parallel's orders for basic items and shipped unpopular styles and sizes claiming that it was experiencing supply problems or had lost the orders. At the same time, Buffalo was shipping to E Street and other stores in the area the same products 42nd Parallel was unable to obtain. Western Glove also failed to ship requested items to 42nd Parallel claiming that the orders were lost or not received. Although they had done business for several years, Grass Roots refused to accept any more orders from 42nd Parallel. Although 42nd Parallel sought to carry the Urban Outfitters' line of clothing, Urban Outfitters refused to do business with 42 Parallel.

According to 42nd Parallel, as a result of E Street's alleged threats, consumers have paid inflated prices for the defendant manufacturers' brands because price competition between E Street and 42nd Parallel has been eliminated. 42nd Parallel further alleges that as a result of the defendants' practices it has lost retail sales in excess of $500,000 and customer satisfaction has been eroded.

## DISCUSSION

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We take the well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff. Balabanos v. North American Inv. Group, Ltd., 708 F. Supp. 1488, 1491 (N.D. Ill. 1988). In the context of antitrust cases, the allegations of the plaintiff which are taken as true, including allegations about intent and purpose, must at least outline a Sherman Act violation to survive a 12(b)(6) challenge. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984).

In the various motions to dismiss, the defendants challenge 42nd Parallel's complaint on the grounds that 42nd Parallel: (1) has not properly alleged the existence of a conspiracy between E Street and the manufacturers; (2) has failed to properly define the relevant market; and (3) has failed to allege injury to competition which had an adverse impact on the market.

I. Antitrust Claims

The prerequisite to every Sherman Act Section 1 claim is that the plaintiff allege and prove the existence of some "contract, combination . . . or conspiracy in restraint of trade." 15 U.S.C. § 1. Because 42nd Parallel alleges an agreement between firms at different levels of the distribution chain, the alleged agreement is deemed to be a vertical agreement, as opposed to a horizontal agreement between competitors. Business Electronics Corp. v. Sharp Electronics Corp., 485 U.S. 717, 730 (1988).

In this case, 42nd Parallel has made no allegations of price fixing, which is per se illegal under the Sherman Act. Absent allegations of price fixing, an alleged conspiracy between

3

businesses at different levels of the distribution chain requires a rule of reason analysis. Monsanto Co. v. Spray-Right Service Corp., 465 U.S. 752, 761 (1984). Under the rule of reason, plaintiff must allege a conspiracy that imposes an unreasonable restraint on trade within a relevant market. A-Abart Electric Supply, Inc. v. Emerson Electric Co., 956 F.2d 1399, 1403 (7th Cir. 1992).

In this case, 42nd Parallel adequately alleges that a conspiracy exists. While details of the conspiracy are sparse (such as specific threats and timing of these threats), at this stage bare allegations would be enough. However, to survive a motion to dismiss analyzed under the rule of reason, the plaintiff must also allege the anticompetitive effects of the alleged conspiracy on the market.

The defendants argue that 42nd Parallel has failed to allege the proper relevant market. The market alleged by 42nd Parallel is the retail clothing market located in narrow area of Highland Park. Whether this is an accurate description of the relevant market for purposes of determining an antitrust violation is a factual matter that cannot be dismissed on its face. AG Fur Industrielle Elektronik Agie v. Sodick Company, Ltd., 748 F. Supp. 1305, 1316-17 (N.D. Ill. 1990).

However, 42nd Parallel's failure to sufficiently allege an anticompetitive effect on the market is fatal to its complaint. The purpose of the Sherman Act is to protect "competition not competitors." Bruswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 488 (1977) citing Brown Shoe Co. v. U.S., 370 U.S. 294, 320 (1962). It is not enough for 42nd Parallel to allege injury to its business, it must also allege an injury to the market. Car Carriers, Inc., 745 F.2d at 1107. A manufacturer's decision to terminate an at will contract with a retailer and maintain a similar contract with another retailer is not an example of an anticompetitive effect. Great Escape, Inc. v. Union City Body Company, Inc., 791 F.2d 532, 539 (7th Cir.

4

1986). The fact that 42nd Parallel may be driven out of business is not sufficient. Elimination of a competitor reduces competition, but that is not the relevant consideration in determining whether the antitrust laws have been violated. Id. at 540. "The antitrust laws are not designed to guarantee every competitor a tenure in the marketplace." Id.

The complaint is void of any allegation that E Street has established a monopoly on the defendant manufacturers' product lines. In fact, the allegation in the complaint that other competitors in the market are receiving the products 42nd Parallel is unable to obtain illustrates that competition for consumers is alive and well in Highland Park.

42nd Parallel also fails to allege that E Street had the significant market power as a retailer to influence the manufacturer of items 42nd Parallel claims is in such demand in Highland Park. "A threshold inquiry in any Rule of Reason case is whether the defendant had market power, that is, the 'power to raise prices significantly above the competitive level without losing all of one's business.'" Valley Liquors, Inc. v. Renfield Importers, Ltd., 822 F.2d 656, 666 (7th Cir. 1987) quoting Valley Liquors, Inc. v. Renfield Importers, Ltd., 678 F.2d 742, 745 (7th Cir. 1982). 42nd Parallel has not alleged any facts, nor could it, to support the inference that E Steet had the sufficient power to set the price for the defendant manufacturers' product lines. We do not believe that this competitive battle between two little shops in Highland Park rises to the level of a federal antitrust violation, although remedies may exist under state law.

For these reasons, 42nd Parallel has failed to establish an anticompetitive effect on the market, and its antitrust claims in Count I of the amended complaint must be dismissed.

## II. State Tort Claims

Counts II and III of the amended complaint set forth claims against E Street under Illinois common law. Count II alleges a cause of action for tortious interference with contractual relations and Count III alleges a cause of action for tortious interference with prospective economic advantage. Subject matter jurisdiction over Counts II and III are predicated solely on the court's supplemental jurisdiction.

Generally, "when all the federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state law claims rather than resolving them on the merits. Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998). See also Centres, Inc. v. Town of Brookfield, Wisc., 148 F.3d 699, 704 (7th Cir. 1998). Because there are no surviving federal claims in this case, we decline to exercise supplemental jurisdiction over the state law claims set out in Counts II and III.

## CONCLUSION

For the foregoing reasons, 42nd Parallel North's amended complaint is dismissed. This case is hereby terminated, and this is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: July 3, 2001

6